In its petition, plaintiff avers that it is the owner of a certain tract of land situated in the Parish of Pointe Coupee by virtue of an adjudication made at public sale by the Sheriff of that Parish on October 28, 1939, the said adjudication being evidenced by an authentic act of sale which is duly recorded in the Conveyance Records of the Parish. It then avers that it has had actual, corporeal possession of the said property, through tenants, for more than thirty years.
Plaintiff further alleges that of the larger tract of land which it owns, forty acres lie inside the levee of the Mississippi River and were assessed for the purposes of taxation, in the name of Miss Florence K. Smith, and the remainder, designated as Smith Landing and batture, was outside of the levee and was not assessed. It then alleges that on March 15, 1940, the State Board of Engineers appropriated a portion of the said forty acres for the purpose of constructing a new levee, designated as the Smithland-Red River Landing Levee in the Parish of Pointe Coupee; that an appearance was made before the Board of Commissioners of the Atchafalaya Basin Levee District and a claim presented for the assessed valuation of the portion of land taken, but because a counter claim had been made on behalf of the defendant herein for the same property, the Board referred both claims to its attorney for adjustment and they still remain unadjusted and unsettled, the funds due in payment therefor being still in the custody and control of the said Board.
Plaintiff then avers that by her action in appearing before the said Board of Commissioners and in refusing to relinquish her claim for the assessed value of the property, to which she has no right, the defendant is disturbing it in its possession of its property. It then prays that it be recognized as the true and lawful owner thereof and as such, entitled to the full and undisturbed possession and that the defendant be ordered to deliver possession and relinquish her untenable claim.
As appears from another allegation of plaintiff's petition, the estimated assessed value of the land taken for levee purposes was $75 and the value of the whole forty acres, $500. In a supplemental petition it is alleged that it had inadvertently failed to claim the value of certain improvements on the land which are estimated at $210. However, we note that this supplemental petition was subsequently dismissed on motion of plaintiff's own counsel.
The defendant, for answer, admits that the Board of Commissioners of the Atchafalaya Basin Levee District appropriated 8.40 acres of plaintiff's property for levee purposes but denies that she, in any manner, disturbed it in its possession or made any claim for its value. Further answering, she alleges that she owns realty, part of which was taken for levee purposes in what is known as the Smithland-Red River Landing project; that she has not made any claims of any nature whatsoever for any lands taken other than portions of her own lands; that she has never questioned the right of plaintiff to any claim which it has, or may have, for any of its lands that were also appropriated and that she has been and is willing to accept from the Board of Commissioners of the Levee *Page 48 
District the amount as shown by its records which she is entitled to.
Upon these issues the case was tried in the district court resulting in a judgment in favor of the defendant and dismissing plaintiff's suit at its costs. Plaintiff then appealed.
Defendant has filed a plea of prescription of one year in this court based on the contention that the suit being in the nature of a possessory action and the disturbance alleged, if any, having taken place on September 4, 1940, more than one year before the date of the filing of the suit on November 13, 1941, the action cannot be maintained. Code of Practice, Art. 49, par. 4. This plea addresses itself to the nature and quality of plaintiff's cause of action and as we are so convinced of the correctness of the judgment of the trial court on the merits, regardless of the character of the action, we find it unnecessary to pass on the plea.
Although it is not made very clear from the petition exactly what the plaintiff's demand is, we think that the evidence taken shows that any dispute it may have is with the Board of Commissioners of the Atchafalaya Basin Levee District rather than with this present defendant.
It appears that in 1939, Miss Florence K. Smith owned and was assessed with forty acres of land fronting on the Mississippi River situated at what is known as Smithland Landing in the Parish of Pointe Coupee. At that time the land was burdened with a mortgage. It having become necessary to construct a new levee at that point, the Board of Commissioners of the Atchafalaya Basin Levee District, acting as the agent of the United States Government, appropriated 8.40 acres of the land for which it agreed to pay the owner $100, the assessed valuation of the whole forty acres. In October, 1939, plaintiff acquired the property at public sale under foreclosure proceedings and that is how it now comes to claim the value of that portion of the land taken for levee purposes.
The defendant also owned property in the same vicinity, part of which was appropriated for the same levee. For this she says, as she also averred in her answer, that she is willing to accept from the Board of Commissioners the amount that has been fixed as representing its value. She further testifies that she has never objected to the Board paying plaintiff the amount claimed by it for its land; has never authorized any one to make such objection for her and is perfectly willing that it be paid its claim as she has no interest therein.
Assuming, as we must, under the facts shown, that the plaintiff's claim is one for the value of its land which was appropriated by the Board of Commissioners of the Atchafalaya Basin Levee District, it seems evident that it has asserted the same against the wrong party and regardless of the nature of the action it has brought, it cannot obtain any relief in this proceeding.
The judgment appealed from is manifestly correct and it is therefore affirmed at the costs of the plaintiff, appellant before this court.